In re MAPLEWOOD POULTRY COMPANY, Clements Chicks, Inc., Pierce Realty Co., Northern New England Feed Co., Debtors.

MAPLEWOOD POULTRY COMPANY, Clements Chicks, Inc., Pierce Realty Co., Northern New England Feed Co., Plaintiffs,

v.

THICO PLAN, INC., Medway Marine Corporation and Underwriters of Lloyd's, Defendants.

Bankruptcy BK79–147ND, BK79–148ND, BK79–158ND and BK79–159ND.
Adv. Nos. 79–105 to 79–108.

United States Bankruptcy Court, D. Maine.

Oct. 1, 1981.

Daniel Mooers, Reef & Mooers, Portland, Me., for debtor.

Thomas Cox, Petruccelli, Cohen, Erler & Cox, Portland, Me., Peter Berman, Zietz, Sonkin, Radin & Mittleman, Providence, R. I., for Thico Plan Inc. and Medway Marine.

Daniel Amory, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for Lloyd's.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The debtor, Maplewood Poultry Co. [Maplewood] has filed a motion for partial summary judgment on its complaint seeking recovery of certain finance charges from Thico Plan, Inc. [Thico], an insurance premium finance company. Insurance premium finance charges for premium years 1976, 1977 and 1978 were made by Thico in the total amount of $15,472. As an insur-ance premium finance company doing business in Maine, Thico failed to comply with the Maine licensing statute until April 4, 1978. See Me.Rev.Stat.Ann. tit. 9, § 4054. Maine law mandates the forfeiture of all finance charges and an award of counsel fees and costs in such circumstances. Me. Rev.Stat.Ann. tit. 9, § 4062(3). Thico does not deny that it must rebate to Maplewood all finance charges for the premium years 1976 and 1977, and for that portion of the 1978 premium year prior to April 4, 1978. See id. The court reserves for later determination whether Thico must rebate the finance charges attributable to the balance of the 1978 premium year.

In light of all of the criteria to be considered in awarding counsel fees, see, e. g., In re Dole, 244 F.Supp. 751 (D.Me.1965), the attorney fees and costs incurred by Maplewood's attorney, in the amount of $4,134.61, in recovering the finance charges from Thico, are found to be reasonable.

Thico contends that any obligation it may have to Maplewood as a result of its non-compliance with the licensing statute should be set off against Maplewood's indebtedness to Thico. Maplewood is indebted to Thico for unearned and return premiums due Maplewood from Underwriters of Lloyds as of August 3, 1979. With respect to this debt there is no mutuality of parties or obligations. The primary obligation in respect to these premiums is that of Underwriters of Lloyds. The obligation to rebate finance charges, counsel fees and costs arises by statute whereas whatever secured obligation may exist for the benefit of Thico in connection with unearned and return premiums arises by contract.

The motion for partial summary judgment is to be granted in part. The remaining issue raised by the motion must be the subject of further consideration of the court.